STEGEMANN, Jr., *et al.*, *v.* UNITED STATES (No. 989).[1]

THERMOS BOTTLES OF BLOWN GLASS.

It is not shown that the goods consist of the ordinary articles recognized as containers for holding or transporting merchandise. They are a product which, while still known as bottles, and while blown, are in a class by themselves, and, so far as the record discloses, fall without the provisions of paragraph 97, tariff act of 1909, and within those of paragraph 98, there being an entire absence of proof to overcome the presumption arising in favor of the action of the collector.

United States Court of Customs Appeals, February 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29129 (T. D. 32681), Abstract 29345 (T. D. 32735).
[Affirmed.]
*Brooks & Brooks* for appellants.
*William L. Wemple*, Assistant Attorney General (*Leland N. Wood*, assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The goods covered by the protests in this case included certain glass tubes and shells for thermos bottles, but as to these the appeal

is dismissed by consent of the appellants. This leaves as the subject of the controversy goods which were imported and shown by the return of the appraiser to consist of what is known as thermos bottles, composed in chief value of blown glass, and returned for duty under paragraph 98 of the act of 1909. The protests claim that the goods are dutiable under paragraph 97 at 40 per centum ad valorem. The protests were overruled by the board and the importers appealed.

The brief of the importers states that as the goods are described as thermos bottles of blown glass, or in chief value of blown glass, there does not seem to be any issue of law at the present time between the Government and the importers, and T. D. 32728, a decision by the Assistant Secretary of the Treasury, is cited to sustain this claim.

The decision of the Secretary of the Treasury, referring to the statement of the collector of customs at New York, says:

You state that practically all kinds of glass bottles are blown as the first process of manufacture, and that, therefore, they come within the description of "all articles of every description, including bottles and bottle glassware composed wholly or in chief value of glass blown either in the mold or otherwise," in paragraph 98, but that nearly all of these bottles have been classified in previous tariff acts under the paragraph corresponding to paragraph 97 as "plain green or colored, molded, or pressed, and flint, lime, or lead glass bottles," and that to classify them under paragraph 98 would practically nullify the provisions of paragraph 97.

Since all bottles are blown, it follows that they would be dutiable under paragraph 98 unless the designation in paragraph 97 for plain green or colored flint, lime, or lead glass bottles is more specific than the provision under paragraph 98 for bottles in chief value of glass blown either in a mold or otherwise.

The department concurs in the views expressed by you that the provision in paragraph 97 for plain green or colored flint, lime, or lead glass bottles is more specific than paragraph 98, and that such bottles which are suitable for use and are of the character ordinarily employed as containers for the holding or transportation of merchandise should be assessed with duty at the rate of 40 per cent ad valorem under paragraph 97 of the tariff act, and the department is of the opinion that the sample submitted for your inspection, which you state is composed of flint glass with a lime mixture, is properly dutiable under the said paragraph.

It will be seen that this holding is limited to bottles of the character ordinarily employed as containers for the holding or transportation of merchandise and was evidently intended to be limited to such as had, under prior tariff acts, been classified under the paragraph corresponding to paragraph 97 as "plain green or colored flint, lime, or lead glass bottles."

There is no evidence in the case as to the construction of these so-called thermos bottles. But it appears that there was before the Board of General Appraisers a case, decided, it is true, after the enactment of the tariff law of 1909, which throws some light on the question. Under the previous tariff acts the so-called "icy-hot" bottles were the subject of adjudication. We take it such "icy-hot" bottles correspond to the so-called thermos bottles, as they are shown to have been advertised as impervious to heat and cold and constructed by

inserting a smaller bottle within a larger one, leaving a space between the two, then fusing them at the neck, and a silvering solution then inserted coating the walls of the bottles, after which the air was exhausted and the necks hermetically sealed, thus preventing the radiation of heat from the interior or the entrance of heat from the outside, as the case may be. In the case, T. D. 29996, the board, in considering the contention that such bottles as these fell within the paragraph corresponding to paragraph 97 of the present act, said:

We do not concur, however, with the correctness of the contention of the importers that the goods are dutiable under paragraph 99 as plain green or colored, molded or pressed, and flint, lime, or lead glass bottles. By a subsequent process of manufacture involving the addition of metal (nitrate of silver) the articles have been removed from the condition of plain glass bottles and have become manufactures of glass and metal.

The claim of the protestants under that clause was overruled and the goods held dutiable under the act of 1897 at 45 per cent ad valorem under paragraph 112. This case was later followed in Abstract- 27540 (T. D. 32149). The tariff law of 1897 contained no provision corresponding to that now incorporated in paragraph 98. As the bill was introduced in the House the paragraph corresponding to paragraph 98 did not contain this provision. It was first inserted in the Senate, and the two paragraphs now read as follows, so far as material to this case:

97. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars * * * not otherwise specially provided for in this section, * * * forty per centum ad valorem: *Provided,* That the terms bottles, vials, jars, demijohns, and carboys, as used herein, shall be restricted to such articles when suitable for use as and of the character ordinarily employed as containers for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations.

Paragraph 98 provides for—

Glass bottles, decanters, and all articles of every description composed wholly or in chief value of glass, ornamented or decorated in any manner, or cut, engraved, painted, decorated, ornamented, colored, stained, silvered, gilded, etched, sand blasted, frosted, or printed in any manner, or ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), and all articles of every description, including bottles and bottle glassware, composed wholly or in chief value of glass blown either in a mold or otherwise; all of the foregoing, not specially provided for in this section, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem: * * *.

This latter quoted provision for bottles blown either in a mold or otherwise was not found in the tariff act of 1897. The opinion of the Secretary of the Treasury quoted above seems a reasonable construction of paragraph 97 and we would have no hesitation in holding that all "plain green or colored, molded or pressed, and flint, lime, or lead glass bottles" are within the provisions of paragraph 97 wherever it is shown in the record that they are of the character

ordinarily employed as containers for the holding or transportation of merchandise. But equally paragraph 98 should be given some force. The insertion of the provision in the Senate must have had a purpose. It is clearly within the legislative intent that certain articles of glassware, which are properly designated as bottles, should fall within the provisions of said paragraph 98. It would be incumbent, therefore, upon the importer to establish, if it be possible to do so by affirmative proof, that these bottles, while falling within paragraph 98, are more specifically.provided for by paragraph 97.

It is not shown that they are the ordinary articles recognized as bottles of the character ordinarily employed as containers for the holding or transportation of merchandise. They are a product which, while still known as bottles and while blown as appears by the report of the appraiser, are in a class by themselves, and, so far as the present record discloses, fall without the provisions of paragraph 97 and within those of paragraph 98, there being an entire absence of proof to overcome the presumption arising in favor of the action of the collector.

The decision of the Board of General Appraisers is *affirmed.*